IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY D. JOHNSON JR., #305487 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. WDQ-05-3411 |
| JON P. GALLEY | * | |
| ALAN D. EASON and | | |
| THE ATTORNEY GENERAL OF THE | * | |
| STATE OF MARYLAND | | |
| Respondents. | * | |
| | *** | |

### **MEMORANDUM**

On December 20, 2005, the Clerk received for the instant case filed on a 28 U.S.C. § 2254 habeas form. Petitioner Larry D. Johnson Jr., a state inmate confined at the Western Correctional Institution, states that in 2001 and 2002 he was convicted of various offenses in the Circuit Court for Baltimore City. Affording his pro se matter a generous construction, it appears that he is complaining that: (i) he is being held beyond his mandatory release date; (ii) his sentences and credits have not been calculated correctly; (iii) his maximum release date was illegally extended as a result of his October, 2004 infraction; (iv) there is a discrepancy with his sentence commitments for his two 2001 criminal cases; and (v) certified documents are missing from the file in his probation case.

Petitioner seemingly claims that he has served time beyond the expiration date of his sentences. He challenges the execution of his sentence and seeks immediate release from confinement. Because he appears indigent, his Motion to Proceed In Forma Pauperis shall be granted.

Petitioner raises a plethora of allegations related to the execution of his state sentences. To

the extent that he is seeking release from confinement due to alleged errors in the calculation of diminution credits and sentence commencement and expiration dates, his action is construed as a 28 U.S.C. § 2241 petition.   *See Preiser v. Rodriguez*, 411 U. S. 475, 492-96 (1973).   Assuming that Petitioner has presented claims which implicate constitutional issues, his § 2241 claims may not proceed due to the failure to demonstrate exhaustion of state court remedies as to each and every ground raised herein.[1]   *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

      For reasons set out herein, this action, construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus, is hereby dismissed without prejudice.  A separate Order follows.


Date: <u>January 5, 2006</u>                               _____/s/_____
                                                                 William D. Quarles, Jr.
                                                                 United States District Judge

---

[1]    Petitioner's attachments indicate that he filed a state habeas corpus petition alleging that prison officials issued an erroneous commencement date as to his consecutive sentence and have failed to award him the appropriate amount of good conduct credits towards that consecutive sentence.  It is not, however,  clear to the Court that the state habeas corpus petition raised all claims presented in this § 2241 Petition and/or that the state habeas corpus proceedings have been completed.